**J. Paul WEST, Plaintiff,**

v.

**TOWN OF JUPITER ISLAND,
a municipal corporation,
Defendant**

No. 99–14378–CIV.

United States District Court,
S.D. Florida.

June 5, 2001.

Louis Paul Pfeffer, Charles Dominic Thomas, Fischer & Pfeffer, Lake Worth, FL, for plaintiff.

Christine D. Hanley, Sally Ann Still, Christine D. Hanley & Associates, West Palm Beach, FL, for defendant.

### *ORDER ON DEFENDANT'S VERI-FIED MOTION TO TAX ATTOR-NEYS' FEES AND COSTS*

PAINE, District Judge.

This matter is before the court upon Defendant's Verified Motion to Tax Attor-

neys' Fees and Costs, filed on May 3, 2001 (D.E.# 82). In response to this court's Omnibus Order Granting Defendant's Emergency Motion for Reconsideration of Defendant's Motion for Summary Judgment and Denying Plaintiff's Motion for Voluntary Dismissal (D.E.# 79), and in conjunction with Local Rule 7.3, defendant has moved this court for attorneys' fees and costs incurred while defending the instant action.

■ In reviewing the file, this court notes that the action has been actively litigated for approximately 1½ years. Ultimately, this court granted summary judgment in favor of the defendant, after finding that plaintiff's action could no longer be supported in light of the requirements enunciated by the Eleventh Circuit in *Maynard v. Pneumatic Products Corp.*, 233 F.3d 1344 (11th Cir.2000). This court finds that instead of recognizing the action could no longer be maintained in light of *Maynard*, plaintiff continued to litigate the matter instead of seeking voluntary dismissal. It was only after defendant reopened plaintiff's deposition that plaintiff, apparently unable to comply with this court's Order Requiring Comparative Evidence (D.E.# 73), finally moved for dismissal—some four months after the *Maynard* decision.

■ Pursuant to 42 U.S.C.A. § 12205, the court has discretion to allow the prevailing party in this disability harassment and wrongful termination action a reasonable attorney's fee, including litigation expenses and costs. The Eleventh Circuit recently adopted the *Christianburg* standard for assessing attorney fees under the ADA. *See Bruce v. City of Gainesville, Georgia*, 177 F.3d 949 (11th Cir.1999).

The *Christianburg* standard, a method of awarding prevailing party fees under Title VII, recognizes that a prevailing plaintiff should ordinarily be awarded attorney's fees, but a prevailing defendant should recover fees only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).

In considering defendant's motion, the court has reviewed the history of this case, and notes that plaintiff *may* have had a viable action up and until the pronouncement issued by *Maynard* on November 22, 2000. After the *Maynard* decision was announced, plaintiff's action was without foundation in the law. Had plaintiff taken the initiative and sought a voluntary dismissal upon learning of the *Maynard* pronouncement, this court would be disinclined to award fees. However, plaintiff maintained the action up and until he realized he could not cooperate with the court's instruction to provide evidence of how his impairments restrict major life activities *compared to the general population*, as required by *Maynard.* Thus, this court finds that an award of fees is appropriate under the *Christianburg* standard, since plaintiff continued this action well after any legal foundation for the action was dissipated by *Maynard.* Accordingly, this court will award defendant, prevailing party, attorneys' fees and costs incurred after November 22, 2000 (the date of the *Maynard* decision).

The court has reviewed the submission of fees and costs contained in Defendant's Motion.[1] Using defendant's submission as

---

1. The court notes that Defendant certifies that, pursuant to Local Rule 7.3, parties have conferred in a good faith effort to resolve this

motion by agreement (D.E.# 83). In its Rule 7.3 Certificate, counsel for defendant indicates that "Plaintiff has indicated he may

a guide, and finding the asserted fees and costs therein[2] to be reasonable, including the hourly rates for all legal personnel, the court awards defendant the following costs and fees:

|  | Costs | Fees | Sub–Total |
|---|---|---|---|
| Nov. 23, 2000–<br>Nov. 30, 2000 | 109.00 | 519.50 | 628.50 |
| December 2000 | 290.02 | 11,483.50 | 11,773.52 |
| January 2001 | 3,353.49 | 22,462.00 | 25,815.49 |
| February 2001 | 1,245.36 | 1,337.50 | 2,582.86 |
| March 2001 | 122.54 | 3,976.50 | 4,099.04 |
| TOTAL |  |  | $44,899.41 |

Accordingly, it is

ORDERED AND ADJUDGED that Defendant's Verified Motion to Tax Attorneys' Fees and Costs is GRANTED IN PART. It is further

ORDERED AND ADJUDGED that defendant is hereby awarded forty-four thousand, eight hundred ninety-nine dollars and forty-one cents ($44,899.41) as the prevailing party in the instant action.

request a hearing on Defendant's Motion to Tax Attorney's Fees and Costs." To date, the court has not received such a request, and will base its award of fees on its discretionary analysis of the submissions provided by the defendant.

2. The court finds that all fees and costs after November 22, 2000, appear to be reasonable.